UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOOD, JR.,

      Plaintiff,

v().                                  Case No. 8:10-cv-1979-T-27TBM

GC SERVICES, LP,

      Defendant.
_____/

## O R D E R

THIS MATTER is before the court on the following motions:

1. **Plaintiff's Motion to Strike the Declaration of Paul Grover** (Doc. 50); Defendant's response in opposition (Doc. 57);

2. **Plaintiff's Motion to Strike Second Declaration of Paul Grover** (Doc. 58); Defendant's response in opposition (Doc. 71) and Appendix to response (Doc. 72);

3. **Plaintiff's Objection to and Motion to Strike Defendant's Untimely Response to Plaintiff's Motion to Strike Second Declaration of Paul Grover, or in the alternative, for Leave to File a Reply** (Doc. 73); and Defendant's response (Doc. 76).

By his first motion to strike (Doc. 50), Plaintiff urges the court strike the Declaration of Paul Grover[1] (Doc. 37-1) dated September 29, 2011, because it is not based on any personal knowledge, conflicts with prior testimony given in deposition and trial by Grover in other FDCPA matters, and because his averments are based upon documentation that Defendant would generally maintain but which was not maintained in the instant case. By way of example, Plaintiff references Grover's averment that all of the calls made to Plaintiff on this

---

[1] Paul Grover is Defendant's corporate representative.

account came from the Huntington, West Virginia satellite office which did not have an automatic telephone dialing system. Notwithstanding this statement, Plaintiff points to the June 15, 2011, message left on Plaintiff's cellular telephone as undeniable evidence that the office that called Plaintiff did have such automated equipment. Plaintiff further seeks to establish inconsistencies in the Grover Declaration through prior deposition testimony in which Grover denies working knowledge of the actual collection programs implemented by Defendant and further denies being involved in day-to-day collections or FDCPA compliance operations. In light of this prior testimony, Plaintiff urges the Grover Declaration is unreliable and incredible as he now purports to be familiar with each of Defendant's satellite offices and the capabilities and technology of the office at issue here. Based upon this "conflict" between Grover's Declaration and his prior sworn testimony, Plaintiff urges the court strike the declaration as a sham.

In response, Defendant urges the court deny Plaintiff's motion. As a preliminary matter, Defendant submits that the September 29, 2011, Declaration of Grover was made prior to Plaintiff even disclosing the June 15, 2011, recording which was revealed for the first time in Plaintiff's motion for summary judgment filed on September 29, 2011. The Grover Declaration only addresses the Wells Fargo account; it did not address the June 15, 2011, message because the message was not disclosed until Plaintiff's motion, and in any event, did not pertain to the Wells Fargo account. Additionally, Defendant argues that the prior deposition testimony referenced is, in fact, not contradictory to the statements contained in Mr. Grover's Declaration.

Upon consideration and essentially for the reasons set forth in the response, Plaintiff's Motion to Strike the Declaration of Paul Grover (Doc. 50) is **denied**. Here, Grover testifies as the corporate representative of Defendant on matters within his knowledge or about which he has acquired knowledge. The particular concern raised by Plaintiff appears to relate to Grover's testimony that the calls here were generated at Defendant's facility in West Virginia, a facility which at that time did not have an automatic dialing system. Plaintiff proffers a call dated June 15, 2011, to discredit Grover's Declaration along with prior testimony given in other cases. He suggests that the declaration is an improper sham declaration. I disagree. As discussed in greater detail in my report and recommendation on the cross-motions for summary judgment, this call was never identified as a part of this suit until the motions were filed. By my consideration, it cannot properly form a basis of this suit. Even if it is appropriate for consideration on this motion to strike, it does not establish the inconsistencies claimed by Plaintiff. The prior testimony cited, given in an unrelated case or cases and not specifically germane to the particulars of this declaration, does not demonstrate the requisite inconsistencies or contradictions required to strike the declaration. *See Tippens v. Celotex Corp.,* 805 F.2d 949, 954 (11th Cir. 1986) (not every discrepancy contained in an application justifies a court's refusal to give credence to the evidence); *see also Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987).

On his Motion to Strike the Second Grover Declaration (Doc. 58), Plaintiff makes similar arguments regarding Paul Grover's Declaration dated November 7, 2011 (Doc. 52). That is, he complains that the second Grover Declaration (Doc. 52)[2] is not based on personal

---

[2]This second declaration was also filed at Doc. 54-2.

3

knowledge, fails to comport with the facts in evidence, and still conflicts with Grover's prior sworn concessions that he has not been involved in Defendant's collection processes. Plaintiff additionally argues that Mr. Grover's "expanding knowledge" of the debt and new factual assertions heretofore undisclosed regarding an alleged Sprint account and Wells Fargo's alleged denial of access to the data further compromises the credibility of this second declaration.

In its response, Defendant notes that Plaintiff's motion fails to identify any specific prior testimony that is inconsistent.[3] Additionally, Defendant states that its position regarding documentary evidence in this case has been consistent from the outset. Defendant previously advised the Plaintiff and the court that on Wells Fargo accounts, Defendant worked off of Wells Fargo's systems.[4] Once the relationship between Wells Fargo and the Defendant concluded, Defendant no longer had access to Wells Fargo's system which included the collection information on the subject account.[5]

---

[3]Plaintiff has moved to strike Defendant's response (Doc. 73) and the accompanying Appendix (Docs. 71, 72) as being untimely. By this motion to strike (Doc. 73), Plaintiff urges that despite extensions being granted, Defendant nevertheless submitted its response brief a day late in defiance of this Court's Orders. The response was due December 14, 2011. (Doc. 70). Plaintiff submits that this repeated noncompliance by Defendant has emerged as a running theme in this case and such defiance should be tolerated no further. As an alternative to striking Defendant's response, Plaintiff requests he be permitted to file a reply to the delinquent filing. Defendant responds that due to computer-related problems, the response documents were admittedly filed after midnight of the day in which they were due. A review of the docket reveals the response was filed at 12:06 a.m. EST and the Appendix at 12:29 a.m. EST on December 15, 2011. Upon consideration, Plaintiff's motion to strike the response and appendix as untimely (Doc. 73) is **denied**.

[4]In support, Defendant makes reference to the transcript of the hearing conducted in May 2011 on discovery motions. *See* (Doc. 72-2 at 12-13).

[5]Defendant additionally argues that section V of Plaintiff's motion should be disregarded by the court and stricken as an improper reply brief. On this point, the court notes

4

It appears that at least as early as May 2011 Plaintiff was aware that Wells Fargo, not Defendant, was in possession of any other documentary information pertaining to this account.  Thus, Plaintiff's claim that this information was first learned with the filing of the second Grover Declaration in November 2011 seems disingenuous at best.  As for any "new" information related to the Sprint account, since Defendant first learned of the June 15, 2011, message when Plaintiff filed his motion for partial summary judgment, any comment or response to that allegation seems fair game given the lateness of the disclosure of that message.  As for Plaintiff's arguments urging a lack of personal knowledge by Grover, the Defendant's corporate representative, and the alleged inconsistency of his declaration with his prior testimony, I again find insufficient merit in the claim.  Accordingly, Plaintiff's Motion to Strike Second Declaration of Paul Grover (Doc. 58) is **denied**.

**Done and Ordered** in Tampa, Florida, this 26th day of January 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

that section V of Plaintiff's motion deals exclusively with arguments directed to its TCPA count. Because the call (on June 15, 2011) giving rise to Plaintiff's TCPA claim was never disclosed in Plaintiff's Complaint, initial disclosures, discovery responses, or deposition testimony, and was only raised for the first time in Plaintiff's motion for partial summary judgment, I conclude that call may not form the basis of any of Plaintiff's claims in this suit as is discussed further in the court's report and recommendation on the pending summary judgment motions.