UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOOD, JR.,

        **Plaintiff,**

v.                      **Case No. 8:10-cv-1979-T-27TBM**

GC SERVICES, LP,

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable James D.

Whittemore for a Report and Recommendation on **Plaintiff's Motion for Partial Summary**

**Judgment** (Doc. 34), Defendant's response in opposition (Doc. 51), **Defendant GC Services**

**Limited Partnership's Motion for and Brief in Support of Summary Judgment** (Doc.

37), and Plaintiff's response in opposition (Doc. 46).[1]  For the reasons that follow, I

recommend Plaintiff's motion for partial summary judgment (Doc. 34) be granted as to

Counts I, II, and III of Plaintiff's Complaint, with further proceedings to be conducted

regarding the amount of statutory damages to be awarded to Plaintiff.  I further recommend

---

[1]Additionally, the parties have filed affidavits, supplemental authority, and other
documentary evidence in support of their respective positions. *See* (Docs. 34-1 through 34-8;
36; 37-1; 38-1 through 38-6; 41; 46-1; 48-1; 52; 53-1 through 53-5; 74; 75).  Plaintiff had also
moved to strike (Docs. 50, 58) the declarations of Defendant's representative, Paul Grover, as
well as to strike a "late" filed response of Defendant (Doc. 73).  Defendant responded in
opposition to the motions (Docs. 57, 71, 76).  Those motions have been denied by separate
Order.

that Defendant's motion for summary judgment (Doc. 37) be granted as to Count V of Plaintiff's Complaint and as to Plaintiff's claims for actual damages. A disputed question of fact exists as to whether written notice was provided as raised in Count IV and thus that claim should be submitted to the trier of fact.

I.

A.

Plaintiff, James Wood, Jr., sues Defendant, GC Services, LP, in a five-count Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., (FDCPA) and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). By the Complaint, Defendant, a debt collector in contemplation of the FDCPA, left four messages on Plaintiff's cellular telephone in connection with a consumer debt he purportedly owed. (Doc. 9). The calls occurred on June 21, 2010, at 3:12 p.m.; June 23, 2010, at 4:26 p.m.; June 29, 2010, at 2:00 p.m.; and June 30, 2010, at 4:45 p.m. *Id.*, ¶ 12. In each instance, Defendant failed to disclose that the communication was from a debt collector. *Id.* Additionally, in the message left June 23, the Defendant further failed to disclose the individual identity of the caller. *Id.*, ¶ 13.

More particularly, in Count I, Plaintiff alleges a violation of 15 U.S.C. § 1692d(6) for the Defendant's failure to disclose the caller's individual identity. (Doc. 1, ¶¶ 16-17). Count II also alleges a violation of 15 U.S.C. § 1692d(6) for Defendant's failure to disclose its true corporate or business name in a telephone call to Plaintiff. *Id.*, ¶¶ 18-19. Count III alleges violation of 15 U.S.C. § 1692e(11) for Defendant's failure to notify Plaintiff during each

collection contact that the communication was from a debt collector. *Id.*, ¶¶ 20-21. Count IV claims Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in its initial communication with Plaintiff, or in writing within five days thereof. (*Id.*, ¶¶ 22-23).

On the TCPA claim, Count V, Plaintiff alleges violation of 47 U.S.C. § 227(b)(1)(A)(iii) for Defendant placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic dialing system. (*Id.*, ¶¶ 24-25).

According to the Complaint, Defendant's conduct is highly offensive to a reasonable person and has caused Plaintiff to suffer injury to his feelings, personal humiliation, embarrassment, mental anguish, and/or emotional distress. *Id.*, ¶ 15. Plaintiff seeks actual damages, statutory damages, interest, fees, and costs.

### B.

By Plaintiff's motion for partial summary judgment, he asserts that Defendant delivered no less than five voice messages to Plaintiff that violated the FDCPA for failing to meaningfully disclose the caller's identity and failing to disclose the calls were from a debt collector. Further, the Defendant violated the TCPA by using an artificial or prerecorded voice to deliver its message to Plaintiff's cellular phone. He seeks judgment in his favor on Counts I, II, III, and V of his Complaint. According to Plaintiff, the substance of the messages at issue are as follows:

| | |
|---|---|
| June 21, 2010: | Hello this message is for James Wood Jr.  My name is Ellen.  Please, return my call at 1-866-477-8608 as soon as possible, thank you. |
| June 23, 2010: | This message is for James Wood.  Please return my call at 1-866-477-8608. |
| June 29, 2010: | Hello, this message is for James Wood Jr.  My name is Katherine.  Please, return my call at 1-866-477-8608.  Thank you, have a great day. |
| June 30, 2010: | Hello, this message is for James Wood, Jr.  My name is Sherry.  Please return my call as soon as possible at 1-866-477-8608, thank you. |
| June 15, 2011:[2] | Please call me at 1-800-605-5768 between the hours of 8 AM and 9PM Monday through Thursday, 8 AM and 7 PM Friday, and 8 AM and 12PM PST. |

(Doc. 34 at 4);[3] *see also* compact disk filed October 6, 2011.  By his motion, Plaintiff

contends that these messages were delivered consistent with Defendant's corporate policy.[4]

---

[2]This fifth call is identified for the first time in these proceedings on Plaintiff's motion and in his supporting affidavit.  By my consideration, it cannot support any of Plaintiff's claims.  First, it was not alleged in the Complaint nor was it ever revealed in discovery as a basis of any claim.  Plaintiff never sought to amend the Complaint to include this call.  While Plaintiff and counsel confusingly date this call to both June 15, 2010, and June 15, 2011, the proffered evidence indicates the call was made June 15, 2011, and in connection with a debt owed by Plaintiff to a different creditor.  It is addressed separately below in connection with the TCPA claim at Count V.

[3]Defendant's version of what was said in these calls based on the recordings Plaintiff produced to it is essentially the same although not identical.  *See* (Doc. 37 at 6).

[4]Plaintiff cites to testimony by Paul Grover, Defendant's corporate representative, given in 2009 in an unrelated proceeding which suggests that the calls here at issue were made consistent with Defendant's policy.  Thus, Grover testified that unless the debtor is identified at the phone number dialed, the collector is only to leave his or her name and a request for a return call.  (Doc. 34-2 at 16).  At least in 2009, the policy was that Defendant's employees were specifically prohibited from stating that he or she was a debt collector in a message unless the collector knows the customer is at the number dialed or such is revealed by the

Addressing the FDCPA claims first, Plaintiff urges that he is entitled to summary judgment on Counts I and II because the messages left on his cellular telephone do not provide meaningful disclosure as required by § 1692d(6) of the FDCPA. "Meaningful disclosure" has been defined to include the caller's name, the collection company's name, and the nature of the caller's business.[5] Further, Plaintiff argues that the requirement of meaningful disclosure extends to the leaving of voice messages as messages left on answering machines are considered "communications" under the FDCPA.[6] In all the cited messages left by Defendant, the Defendant fails to provide its identify or that it is a debt collection company and further fails to identify the purpose of the call. The message left on June 23 does not even identify the name of the individual calling.

As for Count III, Plaintiff urges that the lack of meaningful disclosure also results in violation of § 1692e(11) because the Defendant failed to identify in its initial communication that it "is attempting to collect a debt and that any information obtained will be used for that purpose[.]" 15 U.S.C. § 1692e(11). Again, he urges that voice messages from debt collectors to debtors are "communications" notwithstanding that the message is left on an answering

---

customer's answering machine greeting. *Id.* at 16-17. Whether that policy was in effect at times pertinent to this suit is not clear.

[5]Plaintiff cites *Dokumaci v. MAF Collection Services*, No. 8:09-cv-2488-T-24TGW, 2011 WL 833988 (M.D. Fla. Mar. 4, 2011), in support.

[6]Plaintiff cites *Belin v. Litton Loan Servicing, LP*, No. 8:06-cv-760-T-24EAJ, 2006 WL 1992410, at *5 (M.D. Fla. July 14, 2006); *Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335 (M.D. Fla. 2011) *aff'd sub nom. Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 11-cv-10560, 2011 WL 2555829 (11th Cir. June 28, 2011).

machine.[7]  And such communications must contain the disclosures mandated by § 1692e(11),

including that the communication is from a debt collector.  Furthermore, all subsequent

messages also fail to identify that the communication is from a debt collector, as mandated by

the statute.  Thus, Plaintiff submits that Defendant has violated § 1692e(11) with each

subsequent message as well.

On its cross motion for summary judgment on all Counts and in response to

Plaintiff's motion, Defendant expends considerable energy urging as a preliminary matter that

Plaintiff has failed to establish that the subject unpaid outstanding balance qualifies as a

FDCPA consumer debt as contemplated by the statute.  And, because Plaintiff is unable to

establish this essential element of his FDCPA claims, namely, that the debt at issue is a

consumer debt, his FDCPA claims necessarily fail.[8]  Defendant makes this claim because

Plaintiff's Complaint is silent as to any details regarding the subject debt, his discovery

responses shed no light on the matter, and at his deposition, which occurred after Defendant

had given him its "best guess" that the account involved Wells Fargo, Plaintiff still testified he

knew nothing regarding the account or what purchases were made on the account.  It urges

---

[7]Plaintiff cites *Hutton v. C.B. Accounts, Inc.*, No. 10-3052, 2010 WL 3021904, at *2-3 (C.D. Ill. Aug. 3, 2010); *Belin*, 2006 WL 1992410, at *4.

[8]In support for the proposition that the FDCPA applies to only consumer debt, Defendant cites *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000); *Gorbaty v. Portfolio Recovery Associates, LLC*, No. 09-3327, 2009 WL 4642371, at *2 (3d Cir. Dec. 9, 2009); *Garcia v. LVNV Funding LLC*, No. A-08-CA-514-LY, 2009 WL 3079962, at *3-*5 (W.D. Tex. Sept. 18, 2009); *Martin v. Berke & Spielfogel*, No. 95-0005, 1995 WL 214453, at *4 (E.D. Pa. Apr. 4, 1995).

that Plaintiff's affidavit in support of summary judgment, which now asserts the debt owed

Wells Fargo was in connection with the purchase of a car for his personal use, is nothing more

than a sham and an obvious attempt to avoid the pitfall of his claims in that he cannot

establish the existence of a consumer debt.[9]  By Defendant's argument, there is no evidence of

record indicating that the account balance is a consumer debt as contemplated by the FDCPA

and thus Plaintiff's claims in Counts I through IV fail outright.

Defendant also argues that because Plaintiff has not sustained any injury in fact, he

lacks standing to prosecute the claim.[10]  By this defense, because Plaintiff has sustained no

injury, he lacks Article III standing and the suit should be dismissed.  (Doc. 37 at 22-25).

Plaintiff responds that the personal injury standing requirement is not applicable here given

the purpose of the FDCPA to prevent abuses by debt collectors and protect consumers such as

the Plaintiff from such abusive practices.  Further, the plain language of the statute supports

---

[9]By his affidavit, Plaintiff states that, "[t]he only obligation to Wells Fargo that I have incurred is that regarding a loan that I obtained for the purpose of purchasing an automobile for personal use."  (Doc. 34-5).  Defendant complains that Plaintiff has failed to come forward with any other evidence to verify the existence of the automobile, such as a title, car note, purchase contract, payments made, title registration, maintenance records, or even a photograph, and his affidavit includes no detail regarding the purchase of the automobile, make, year, model or color.  Because the subsequent affidavit contradicts his prior deposition testimony, Defendant urges the court strike the affidavit as a sham.  (Doc. 51 at 5).

[10]Defendant cites *Allen v. Wright*, 468 U.S. 737, 750 (1984), and *Daimler Chrylser Corp. v. Cuno*, 547 U.S. 332, 342 (2006), for the general proposition that the elements of Article III standing include the requirement that a plaintiff sustain a "personal injury."  Citing *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000), Defendant urges that the personal injury element of standing requires a plaintiff to allege and prove an "injury in fact" that is both "concrete" and "actual or imminent."

an award of statutory damages regardless of whether a consumer has claimed or proven actual damages.[11]

As to Plaintiff's claims under the FDCPA, Defendant further argues that the violations, if any, are not material, where the Plaintiff testified that he learned of the company's identity, after receiving the first or second message, through calling the number back that was left on the message. In the circumstances, even the least sophisticated consumer would not be misled under the circumstances and it urges that the court should adopt the trend among federal circuit courts that recognize that mere technical violations of § 1692(e) of the FDCPA do not establish liability. Thus, Defendant submits that summary judgment in its favor as to Counts I - IV is appropriate.

Regarding Count I, Defendant additionally urges that case law interpreting § 1692d(6) does not require a debt collector to identify himself or herself individually and accordingly summary judgement is in order.[12] And, regarding Count III, the § 1692(e)(11) claim, Defendant urges that the obligations of that section were not triggered because the voice mail messages were not communications in contemplation of the FDCPA. Under the FDCPA, "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C § 1692a(2). By Defendant's

---

[11]Plaintiff cites *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) and 15 U.S.C. § 1692k(a).

[12]Defendant cites *Wright v. Credit Bureau of Ga., Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982), and *Beeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09-cv-458-EAK-AEP, 2010 WL 2696404, at *3 (M.D. Fla. Jul. 6, 2010).

argument, the messages left did not convey any information regarding the subject account balance and therefore were not "communications."[13]

On the issue of actual damages, Defendant submits that Plaintiff fails to offer evidence that his alleged emotional distress was proximately caused by the statutory violations complained of.

## II.

"In order to prevail on a FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Fuller*, 192 F. Supp. 2d at 1366 (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)).

In pertinent part, 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) Except as provided in section 1692b of this title,[14] the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Courts in this Circuit have defined "'meaningful

---

[13]Defendant cites *Jackson-Spells v. Francis*, 45 F. Supp. 2d 496, 497 (D. Md. 1999), and *Biggs v. Credit Collections, Inc.*, No. CIV-07-0053-F, 2007 WL 4034997 (W.D. Okla. 2007).

[14]Section 1692b prohibits a debt collector from communicating with any person other than the consumer that such consumer owes any debt and prohibits the debt collector from identifying its employer unless expressly asked by the person. 15 U.S.C. § 1692b(1), (2).

9

disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Dokumaci*, 2011 WL 833988, at *3 (quoting *Sclafani v. BC Servs., Inc.*, No. 10-61360-CIV, 2010 WL 4116471, at *2 (S.D. Fla. Oct.18, 2010)); *see also Valencia v. Affiliated Grp., Inc.*, No. 07-61381-CIV, 2008 WL 4372895, at *3 (S.D. Fla. Sept. 24, 2008).

Section 1692e(11) of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11).

Pursuant to 15 U.S.C. § 1692g(a), a debt collector is in violation of this provision of the FDCPA if it fails to provide written notice of the debt "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless certain information is contained in the initial communication or the consumer has paid the debt. The notice must contain: "(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the

10

notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a).

III.

A.

Upon consideration, Plaintiff prevails as a matter of law on his FDCPA claims at Counts I, II, and III. As alleged in Counts I and II, there was no "meaningful disclosure" as required by 15 U.S.C. § 1692d(6). I concur with those courts that have concluded that "meaningful disclosure" under this provision requires disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business. Apart from its arguments related to standing and materiality and the claim that Plaintiff has not established that this collection effort was in relation to a consumer debt, which are addressed below, Defendant offers no facts or law that raise a question of fact. Nor is it otherwise demonstrated that the information actually delivered is sufficient to satisfy this provision of the FDCPA.

Specifically, Count I alleges that the Defendant failed to disclose the caller's individual identity in one telephone call to Plaintiff, and Count II alleges Defendant failed to

notify Plaintiff during each collection communication that the communication was from a debt collector. In response, Defendant urges that case law interpreting § 1692d(6) of the FDCPA does not require that an individual caller identify him or herself.[15] However, the cited case law is inapposite. For instance, in *Beeders*, while the court noted that § 1692d(6) does not prohibit a debt collection agency employee from using an alias during a telephone call to a consumer, nonetheless § 1692d(6) is violated when a debt collection employee leaving a message on a consumer's answering machine "fails to disclose that the call is related to debt collection." *Beeders*, 796 F. Supp. 2d at 1339. As noted, courts in this Circuit have defined "'meaningful disclosure' to include disclosure of the caller's name, the debt collection company's name, and the nature of the debt collector's business." *Dokumaci* , 2011 WL 833988, at *3 (quoting *Sclafani v. BC Servs., Inc.*, No. 10-61360-CIV, 2010 WL 4116471, at *2 (S.D. Fla. Oct.18, 2010)); *see also Valencia*, 2008 WL 4372895, at *3. And, the undisputed evidence reveals that the June 23, 2010, message clearly did not provide meaningful disclosure of the caller's identity– individual or otherwise. In fact, there was no disclosure. The other three messages left for Plaintiff on June 21, 25, and 29, similarly fail to advise Plaintiff that the call is from a debt collection company and/or is related to collection of a debt. Thus, I conclude none of these calls provided "meaningful disclosure," as contemplated by § 1692d(6), *see Beeders*, 796 F. Supp. 2d at 1339; *Dokumaci*, 2011 WL 833988, at *3, and accordingly, as a matter of law, Plaintiff prevails on Counts I and II.

Similarly, Plaintiff prevails as a matter of law on his claim at Count III. Under

---

[15]Defendant cites *Wright*, 548 F. Supp. at 597, and *Beeders,* 796 F. Supp. 2d at 1339.

12

§ 1692e(11), a debt collector is obligated to make certain disclosures in its initial communication with a debtor so as to avoid false, deceptive, or misleading representations in the collection of a debt. It is undisputed that the initial contact with Plaintiff was made by telephone message on June 21, 2010. Defendant's discovery responses indicate that a letter also would have been sent to Plaintiff on this same date. (Doc. 34-3 at 1). Plaintiff disputes this. Regardless, even if a letter was sent June 21, 2010, clearly the telephone contact made on that date was the initial communication. The message left for Plaintiff on June 21, 2010, did not advise Plaintiff "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11). Further, the subsequent communications– on June 23, 29, and 30, 2010– did not advise "that the communication is from a debt collector" as required by that provision of the FDCPA. *See Edwards v. Niagra Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009). Citing § 1692e(11), the *Edwards* court held that "[t]he Fair Debt Collections Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector." *Id.* at 1351. As the messages left on June 21, 23, 29, and 30, did not advise that the communication was from a debt collector, I conclude there was a violation of § 1692e(11) with each message.

On this claim, Defendant specifically urges that the messages are not "communications" as contemplated by the statute. It cites a Western District of Oklahoma case for the proposition that voice mail messages do not qualify as FDCPA communications.[16]

---

[16]Defendant cites *Biggs*, 2007 WL 4034997, at *4. Defendant also filed a notice of supplemental authority (Doc. 74) citing *Marx v. General Revenue Corp.*, ___ F.3d ___, 2011

13

However, case law from this Circuit dictates otherwise. *See Niagra*, 586 F. Supp. 2d at 1351 (finding messages left by debt collector on answering machine were "communications" under the FDCPA); *Belin*, 2006 WL 1992410, at *4 ("courts have found that messages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA, because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt"); *Drossin v. Nat'l Action Fin. Servs., Inc.*, 641 F. Supp. 2d 1314, 1320 (S.D. Fla. 2009) ("voice mail messages are communications under the FDCPA"); *Berg v. Merchs. Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340-41 (S.D. Fla. 2008) ("Courts generally consider pre-recorded messages and voice mail messages from debt collectors to be 'communications,' even if the messages do not state what the calls are regarding."). Accordingly, Plaintiff prevails as a matter of law on Count III as well.

In reaching these conclusions, I have considered Defendant's general arguments that all the FDCPA claims fail because Plaintiff lacks standing to bring the claim, he fails to establish that the debt at issue is a consumer debt, and that the Defendant's violations, if any, were immaterial. None of these arguments are persuasive.

On GC Service's defense that Plaintiff lacks standing, I find Defendant's arguments unavailing. As noted by the Plaintiff, the plain language of the statute confers standing upon any consumer "obligated or alleged to be obligated to repay a debt" and who has been subjected to conduct violative of *any* provision of the FDCPA. *See* 15 U.S.C. §§ 1692a(3),

---

WL 6396478 (10th Cir. Dec. 21, 2011).

1692k(a); *see also Muir v. Navy Fed. Cred. Union*, 529 F.3d 1100, 1107 (D.C. Cir. 2008).

The statute specifically authorizes an award of statutory damages regardless of whether a

plaintiff has claimed, or proven, actual injury or damages. *See* 15 U.S.C. § 1692k(a); *Rivera*

*v. Amalgamated Debt Collection Servs., Inc.*, 462 F. Supp. 2d 1223, 1231-32 (S.D. Fla. 2006)

(rejecting as a matter of law the defendant's challenge that plaintiff lacked standing to assert

FDCPA claim because plaintiff did not suffer actual damages). By my consideration, to

construe the statute as suggested by Defendant would undermine the purposes of the FDCPA

to protect consumers and eliminate abusive debt collection practices by debt collectors.

Defendant alternatively urges that it is entitled to summary judgment on each of the

FDCPA claims because Plaintiff wholly fails to establish that the debt was a consumer debt as

contemplated by the Act. The FDCPA defines a "debt" as "any obligation or alleged

obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for

personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). Defendant admits that

Wells Fargo placed an unpaid, outstanding account balance with it for collection from

Plaintiff, and that Defendant left at least four messages for the Plaintiff for purposes of

collecting on this account balance.[17] (Docs. 37 at 4; 37-1). However, Defendant disputes that

Plaintiff has proven that the unpaid account balance with Wells Fargo was a consumer debt. I

disagree.

---

[17]Actually, Defendant's call log reflects attempts to contact Plaintiff were made June
21, 2010; June 23, 2010; June 29, 2010; June 30, 2010; and July 19, 2010. (Doc. 48-1). The
July 19, 2010, call is not part of this suit.

From the outset, Plaintiff alleged the litigation arose from Defendant's efforts to collect a "debt" as defined in 15 U.S.C. § 1692a(5). (Doc. 1 at 2). This definition assumes the debt is owed by a consumer in connection with a personal, family, or household transaction. Now before the court on these motions is Plaintiff's timely affidavit stating that the Wells Fargo account was for purchase of a personal automobile and that he was not obligated to any creditor for debts other than those incurred for personal, family, or household purposes. (Doc. 34-5). Although Plaintiff testified at the time of his deposition that he did not know anything about the disputed account (*see* Doc. 38-6 at 10-11), I disagree that his subsequent affidavit is a sham affidavit in the circumstances of this case. There is a paucity of written documentation on both sides of this suit. While it is correct that Plaintiff has not produced supporting documents related to this debt, the document production from Defendant has been limited as well. As noted above, it took Defendant some time as well to disclose its "best guess" that the debt at issue was from Wells Fargo. And, had the inquiry of Plaintiff at his deposition specifically addressed Wells Fargo, then perhaps a more complete response would have been required. But that was not the inquiry. In the circumstances, Defendant fails to demonstrate that Plaintiff's affidavit is a sham such that it should be stricken. Significantly, Defendant offers nothing to the contrary that show that the subject debt was not consumer "debt" as contemplated by the statute. Thus, to the extent that Defendant seeks judgment in its favor (or to prevent judgment in Plaintiff's favor) based on an alleged failure to establish the subject account balance is a consumer "debt," Defendant's argument fails.

I similarly find Defendant's materiality argument to be without merit. Defendant cites several cases for the proposition that technical violations that are not material do not necessarily give rise to liability under FDCPA where the violation would not mislead the unsophisticated consumer. Defendant cites *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031-35 (9th Cir. 2010); *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009); and *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009). These cases are distinguishable. In these cases, unlike the instant case, there were disclosures made but some technical discrepancy existed within the disclosure that the plaintiff claimed was misleading.[18] Here, there was no disclosure at all by Defendant that it was a debt collector or was calling regarding a debt. Defendant fails to cite any case to the court that stands for the proposition that where a consumer learns through his own devices that a message has been left by a debt collector, this somehow excuses the debt collector's obligation under federal law to disclose in all communications with the consumer that the message is from a debt collector. *See Edwards*, 584 F.3d at 1351; *see also* 15 U.S.C. § 1692e(11).

Thus, Plaintiff's motion for partial summary judgment on Counts I, II, and III is appropriately granted.

---

[18]In *Miller* the debt collector characterized debtor's credit card debt as a "loan" rather than a "merchant's account receivable." *Miller*, 561 F.3d at 592. In *Wahl*, the plaintiff's hypertechnical complaint that the debt collector's notice improperly characterized the "principal balance" owed to include interest and late fees did not violate § 1692e's prohibition against the use of false, deceptive, or misleading representations. *Wahl*, 556 F.3d at 644-45. The court in *Donohue* held that the statement in debt collector's complaint, which mislabeled a charge of $32.89 as twelve percent interest when it actually included interest and finance charges, was not materially false so as to violate the FDCPA. *Donohue*, 592 F.3d at 1033.

## B.

Defendant has moved for summary judgment in its favor as to Plaintiff's claims in Count IV brought under § 1692g for alleged violations of the notice requirements of that section. In pertinent part, this provision requires a debt collector to advise a consumer in writing as to the amount of the debt; the name of the creditor to whom the debt is owed; a statement that the consumer should advise if he disputes the validity of the debt, otherwise the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail it to the consumer; and a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

The evidence from both sides on this issue is thin. Plaintiff says there is no proof that Defendant has timely complied with the requirements imposed by § 1692g(a) and Defendant has failed to produce a copy of any such written notice. Further, he urges that given the fact that in May 2011 Defendant had to "guess" at the name of the creditor, it is doubtful that any notice, if one was sent in June 2010, would have complied with § 1692g(a) which requires, among other things, that the notice include the name of the creditor. In response, Defendant claims that the appropriate notice would have been sent on or about June 21, 2010, (Doc. 34-3 at 1) but has provided no record evidence of such. By my consideration, because the facts are disputed, the issue cannot be resolved on these motions, and the matter

should be submitted to the trier of fact. Accordingly, I recommend Defendant's motion for summary judgment as to Count IV be denied.

C.

Plaintiff also seeks partial summary judgment on his TCPA claim in Count V. In short, he complains that Defendant placed multiple non-emergency calls to his cellular telephone, without his prior express consent, using an automatic telephone dialing system contrary to 47 U.S.C. § 227(b)(1)(A)(iii). By his motion, he asserts that Defendant made a non-emergency, non-consensual call to his cellular phone in which the voice message was delivered using an artificial or prerecorded voice. The sole evidence proffered on this claim is a call dated June 15, 2011.[19] He urges Defendant is liable under this provision because it was delivered using an automatic telephone dialing machine or because it employed an artificial or prerecorded voice. Because the call was willful and knowingly made, he seeks treble damages. (Doc. 34 at 14-18).

In its response, Defendant complains that Plaintiff never disclosed this call before this motion and it urges that the claim should not be considered given that new claims cannot be raised at the summary judgment stage.[20] The response further notes that the

---

[19]The substance of message in the June 15th call is, "Please call me at 1-800-605-5768 between the hours of 8 AM and 9 PM Monday through Thursday, 8 AM and 7 PM Friday, and 8 AM and 12 PM PST." A compact disc of the recording was filed in connection with the summary judgment proceedings. *See* (Doc. 41). I note that Plaintiff's pleadings are not consistent in stating the date of this call. In some of the pleadings, this call is dated to have occurred on June 15, 2010. As discussed, the evidence reveals that the call was made in June 2011.

[20]Defendant cites *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir.2004); *Mahgoub v. Miami Dade Community College*, 2006 WL 952278, at *2 (11th Cir.

19

June 15, 2011, recording relied upon pertains to an unrelated account balance purportedly owed to Sprint and that the call is the subject of another lawsuit recently brought by Plaintiff against Defendant.[21]  By its motion, Defendant seeks summary judgment on this Count because Plaintiff cannot establish an essential element of the claim, that it used an automatic telephone dialing system or an artificial prerecorded voice in delivering this message.  Here, it urges that Plaintiff has no evidence of its use of an automatic telephone dialing system in the call and the proffered evidence of record establishes that it did not in this instance.

In his response to the Defendant's motion, the Plaintiff again cites the same June 15, 2011, call.  (Doc. 46).  Plaintiff does not respond to the assertion that the call was made in relation to unrelated collection activities on an account Plaintiff had with Sprint.  However, in connection with his efforts to strike a declaration by Defendant's corporate representative in these proceedings (and further argue the merits of his TCPA claim), he urges that the June 15, 2011, call is dispositive of Defendant's liability on the claim regardless of whether the call was made on behalf of Wells Fargo or Sprint or anyone else.  (Doc. 58 at 9-10).  By my consideration, this assertion is wholly incorrect.

Plaintiff's reliance on the June 15, 2011, call as his sole evidence of a TCPA violation is both improper and inadequate to save the claim.  The call was not a part of Plaintiff's Complaint,[22] nor was it revealed by Plaintiff in any discovery as forming a part of

---

Apr. 13, 2006).

[21]*See James Wood, Jr. v. G.C. Services, LP*, Case No: 8:11-cv-2309-T-35TBM.

[22]Obviously, it could not have been since it did not occur until eight months after the suit was initiated.

his claims.  Without any attempt to amend the pleadings, Plaintiff proffers the call on this motion as his sole proof of a TCPA violation.  As urged by Defendant, new claims cannot be raised at the summary judgment stage.  While this is not a new claim as such, Defendant was never placed on notice that Plaintiff would rely on this call as the basis of the claim. Considerations of fundamental fairness dictate that Plaintiff should not be permitted to do so to the prejudice of Defendant.  *See, e.g., Gilmour*, 382 F.3d at 1314.  Beyond that consideration, counsel's attempt to use in this suit a call made in connection with a wholly unrelated collection effort by Defendant on behalf of a wholly different creditor is inappropriate and in my mind raises Rule 11(b) concerns.  As addressed below, Plaintiff is unable to otherwise demonstrate a violation under the TCPA and this call cannot be used to salvage the claim for him in this suit.

In order to establish a violation under the TCPA, and specifically 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff must establish that Defendant "[made] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system[23] or an artificial or prerecorded voice-- . . .to any telephone number assigned to a . . . cellular telephone service . . ., or any service for which the called party is charged for the call[.]" 47 U.S.C. § 227(b)(1)(A)(iii).  As to whether this call was made by an automated dialing system as complained of, Plaintiff has failed to offer any evidence, apart from the June 15, 2011, call that any of the calls in dispute were made by an

---

[23]Under the TCPA, an "automated telephone dialing system" is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

automated dialing system. Here, Defendant has proffered that it had no automated dialing system at the location and during the period of time when the calls to Plaintiff were made on this account. *See* (Docs. 37-1, 52).[24] Based upon his deposition testimony, Plaintiff can provide no evidence to dispute this fact. *See* (Doc. 38-6 at 15-17). Insofar as he now complains that the violation was because Defendant used a prerecorded voice to deliver these messages, the claim also fails for lack of proof. At his deposition, Plaintiff testified that he did not contend that any of the four calls complained of in this case used computer voices. *Id.* at 17. Nor is there other proof that any of the four calls complained of were made by a "pre-recorded voice." And again, by my consideration, the sole proffered evidence in support of the claim, the June 15, 2011, message cannot salvage this claim.

Thus, because Plaintiff has failed to support an essential element of his TCPA claim– that Defendant used an automatic telephone dialing system or an artificial prerecorded voice in delivering this message– the Defendant's motion for summary judgment on Count V should be granted.

## IV.

As for the matter of damages, Plaintiff's motion is silent on the matter in connection with his FDCPA claims. By Defendant's motion, it contends that Plaintiff's claim for actual damages/emotional distress should be dismissed for lack of proof. Plaintiff suffers a number of preexisting conditions and he fails to offer any evidence that such conditions were aggravated by the calls. Nor has he offered proof to support his testimony that he was upset

---

[24]Plaintiff's motions to strike Grover's declarations have been separately denied.

and anxious because of the calls.  In response, Plaintiff urges that the matter of FDCPA damages is not governed by state law and that the determination of damages involves factual issues which cannot be resolved on summary judgment.[25]

The FDCPA authorizes the recovery of actual and statutory damages, costs, and reasonable attorney's fees, by a consumer who prevails against a debt collector for the debt collector's violation of any provision of the Act.  15 U.S.C. § 1692k(a).  In determining the amount to award, courts consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b).

Compensation for emotional distress is considered a form of actual damages under the FDCPA.  *See Elliott v. GC Servs., Inc.*, No. 8:10-cv-1976-T-24TBM, 2011 WL 5975671, at *5 (M.D. Fla. Nov. 28, 2011) (citing *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374 (M.D. Fla. Aug. 12, 2008)).  The limited proof before the Court on the issue of Plaintiff's actual damages are deposition excerpts submitted by the defense that reveal Plaintiff testified he had "emotional distress" over the calls, although he did not cry or have an upset stomach.  (Doc. 38-6 at 18-19).  He had "anxiety" and took "some extra Ativan that day."  *Id.*  By Plaintiff's testimony, the fact that the Defendant did not disclose that it was a debt collector calling made him immediately think the call might relate to his medical problems of which he testified he has "some serious issues."  *Id.* at 19.  Beyond this testimony, Plaintiff offers no medical evidence to show that his emotional distress was the

---

[25]Plaintiff cites *Pollock v. Bay Area Credit Service, LLC*, No. 08-61101-Civ, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009).

result of the call or necessitated by the call.  Nor is there claim of or proof that the calls

aggravated a pre-existing, serious medical condition.  While I agree with Plaintiff that state

law requirements to prove infliction of emotional distress are not applicable in this context,

*see Elliott*, 2011 WL 5975671, at *5, I nonetheless conclude that Plaintiff has failed to offer

any competent evidence, other than his own self-serving statements, that he had distress and

anxiety that resulted in his having to take an extra Ativan after one call.  Given the lack of

medical or other evidence on the issue as to whether Defendant's conduct caused Plaintiff any

further problems than those he was already experiencing, I conclude that this record falls far

short of establishing that Plaintiff is entitled to actual damages.  *See, e.g., Elliott*, 2011 WL

5975671, at *5 (finding factual record to be insufficient to defeat defendant's summary

judgment motion as to plaintiff's claims for actual damages where plaintiff did not seek

medical help and presented no competent evidence that the defendant's collection calls caused

him additional medical problems or aggravated his pre-existing anxiety and sleep issues);

*Marchman v. Credit Solutions Corp.*, No. 6:10-cv-226-Orl-31GJK, 2011 WL 1560647, at *7-9

(M.D. Fla. Apr. 5, 2011) (finding plaintiff who alleged that she had trouble sleeping and

suffered from anxiety and depression as a result of defendant's conduct was not entitled to

actual damages where she failed to submit any evidence or affidavit showing she sought

medical or professional services for her emotional problems); *Ugarte v. Sunset Constr., Inc.*,

No. 8:07-cv-735-T-23EAJ, 2008 WL 4723600, at *3 (M.D. Fla. Oct. 21, 2008) (finding

plaintiff who alleged attempting to commit suicide due to stress of defending FDCPA case

was not entitled to actual damage award for her emotional distress where she presented no

competent evidence that her depression worsened due to the litigation); *Montgomery*, 2008 WL 3540374, at *9 (declining award of actual damages to plaintiff who suffered from temporary loss of appetite, sleeplessness and worry).  Accordingly, on this record, I recommend the court grant Defendant's motion for summary judgment on the issue of Plaintiff's claims for actual damages/emotional distress.

On the issue of statutory damages, the maximum statutory award to a consumer per action (not per violation) is $1,000.00.  15 U.S.C. § 1692(a)(2)(B); *see also Harper*, 961 F.2d at 1563.  "A single violation of the Act is sufficient to subject a debt collector to liability under the Act."  *Pollock*, 2009 WL 2475167, at *3.  The actual sum to be awarded to a prevailing plaintiff, up to the statutory maximum of $1,000.00, is left to the sound discretion of the trial court.  *See Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993).  Having concluded Defendant's messages violated provisions of the FDCPA, an award of statutory damages to the Plaintiff is appropriate.  However, the issue as to the amount of statutory damages to be awarded is not before the court on these pleadings, and thus further proceedings are appropriate for the court's consideration of the §1692k(b) factors.

V.

Accordingly, I recommend Plaintiff's Motion for Partial Summary Judgment (Doc. 34), be **GRANTED in part** as to Plaintiff's FDCPA claims set forth in Counts I, II, and III of his Complaint and that subsequent proceedings be conducted to determine the amount of statutory damages to be awarded to Plaintiff.

It is recommended that Defendant GC Services Limited Partnership's Motion for and Brief in Support of Summary Judgment (Doc. 37) be **GRANTED in part** in that Plaintiff's claim for actual damages be dismissed and judgment entered in Defendant's favor on Plaintiff's TCPA claim at Count V of the Complaint.

While the evidence is patently thin on both sides, I recommend that the issues raised in Count IV be submitted to a jury.

Respectfully submitted on this
26th day of January 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within **ten (10) days** from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
Honorable James D. Whittemore, United States District Judge
Counsel of Record