UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOOD,

    Plaintiff,

vs.    Case No. 8:10-cv-1979-T-27TBM

GC SERVICES, LP,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (R&R) (Dkt. 82), which recommends that the parties' motions for summary judgment be granted in part. The parties filed objections (Dkts. 85, 86) and responses (Dkts. 90, 91). Upon consideration of the R&R, the objections, and the responses, in conjunction with an independent review of the file, the R&R is adopted, approved, and confirmed in all respects, except for the recommendation that summary judgment be granted in favor of Defendant on Plaintiff's claim for actual damages.

### Discussion

Defendant raises five objections. First, Defendant objects to the conclusion that it was attempting to collect a consumer debt, which is required to establish a violation of the Fair Debt Collection Practices Act (FDCPA). *See* 15 U.S.C. § 1692a(5). The only evidence directly addressing this issue is an affidavit in which Plaintiff avers, "[t]he only obligation to Wells Fargo that I have incurred is that regarding a loan that I obtained for the purpose of purchasing an automobile for personal use." (Dkt. 34-5, Woods Aff. ¶¶ 15, 16). Plaintiff further avers that he is not and was not obligated to *any* creditor for any obligations incurred for items other than personal, family, or household purposes. (*Id.* ¶ 17).

Contrary to Defendant's argument, Plaintiff's affidavit is not conclusory but provides

specific facts showing that the debt was for personal purposes. There was nothing which required Plaintiff to identify the make or model of the car or to file a copy of the title or proof of insurance. And it is difficult to imagine what further detail Plaintiff could have offered to show that he has not incurred any non-consumer debt.

Defendant argues that the affidavit was a sham. "An affidavit may only be disregarded as a sham when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact and that party attempts thereafter to create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986) (quotation and alterations omitted).

Defendant relies on the following testimony:

> Q. What account balance is this lawsuit about?
>
> A. I have no idea.
>
> Q. So you had no idea about the account that GC Services was calling you about?
>
> A. No.
>
> [Objection omitted]
>
> Q. Do you know anything about the purchases that were made on the account that GC Services was calling you about?
>
> A. I have no idea. I don't know anything about the account. I don't even know if it was my account.

(Dkt. 38-6 at 10-11, Woods Dep. at 38-39).

This testimony shows that, at the time of his deposition, Plaintiff was unclear as to what debt Defendant was attempting to collect. It is unpersuasive that prior to the deposition, Defendant gave its "best guess" that the debt related to a Wells Fargo account. Plaintiff was not questioned about the Wells Fargo account at his deposition, and Defendant certainly did not ask Plaintiff whether the

Wells Fargo account related to a consumer debt. Simply put, Plaintiff's affidavit did not contradict any clear answer to an unambiguous question posed at his deposition.

Further, Defendant has not convincingly shown that the affidavit should be stricken because Plaintiff did not supplement a certain discovery response. Defendant relies on an interrogatory which requested all facts showing that the debt in this case was incurred for personal, family, or household purposes. Plaintiff responded to that interrogatory on July 12, 2011 by referencing documents produced in discovery and the allegations in the complaint. Defendant did not move to compel a further response. On July 29, 2011, Plaintiff testified at his deposition that he had no idea what account balance the calls involved. The question, therefore, is at what point between the July 29, 2011 deposition and the September 29, 2011 dispositive motion deadline should Plaintiff have become aware that the interrogatory answer was incomplete? Prior to the dispositive motion deadline, Defendant never definitively identified the account it was attempting to collect, instead only giving its "best guess." Under the circumstances, Plaintiff was not required to supplement his response.

In any event, Defendant's argument focuses solely on Plaintiff's averment that he purchased an automobile with the loan from Wells Fargo. Defendant has not argued that Plaintiff should have provided an updated response related to his averment that his only debt obligations were incurred for personal, family, or household purposes. This sworn statement, in and of itself, is sufficient evidence that the account Defendant was attempting to collect involved a consumer debt.

Second, Defendant objects that its voice mail messages did not constitute "communications" within the meaning of the FDCPA. Defendant therefore reasons that it cannot be liable for violations of 15 U.S.C. § 1692e(11). The Eleventh Circuit has held that voice mail messages which were virtually identical to those left by Defendant "were 'subsequent communications' within the meaning of § 1692e(11)." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1351, 1353 n.3 (11th

3

Cir. 2009). Because such messages constitute "subsequent communications," they necessarily satisfy the statutory definition of "communication." *See* 15 U.S.C. § 1692a(2); *Berg v. Merchs. Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340-41 (S.D. Fla. 2008) (collecting cases and observing, "[c]ourts generally consider pre-recorded messages and voice mail messages from debt collectors to be 'communications,' even if the messages do not state what the calls are regarding").

Third, Defendant argues that Plaintiff cannot establish a violation of 15 U.S.C. § 1692d(6) because the FDCPA does not require the debt collector to provide his or her individual identity. "Section 1692d(6) does not prohibit a debt collection agency employee from using an alias during a telephone call, as long as the employee accurately discloses the name of the debt collection agency and explains the nature of its business." *Beeders v. Gulf Coast Collection Bureau*, 796 F. Supp. 2d 1335, 1339 (M.D. Fla. 2011), *aff'd*, 432 F. App'x 918 (11th Cir. 2011) (quotation omitted). "However, a debt collector violates FDCPA Section 1692d(6) if the collector leaves an answering machine message under an alias *and* fails to disclose that the call is related to debt collection." *Id.* (emphasis in original, quotation omitted). In the June 23, 2010 call, Defendant's employee not only failed to provide her name, she also failed to disclose that she was calling on behalf of Defendant and what the nature of Defendant's business was. Because these disclosures were not made, Defendant cannot escape liability for its employee's failure to provide her name.

Fourth, Defendant argues that any violations were not material. Defendant failed to make any disclosure that it was a debt collector or that the call related to the collection of a debt. This was a material failure to comply with the statute, not a mere technical violation.

Fifth, Defendant argues that Plaintiff lacks standing because he has not suffered an injury in fact. The Supreme Court has defined "injury in fact" as "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.' " *Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

Defendant essentially equates "injury in fact" with actual damages. But Defendant has not cited any authority to support such a proposition. Nor has it identified any case which holds that a party lacked standing to pursue a claim for statutory damages after receiving a telephone call that violated the FDCPA. Plaintiff has alleged a distinct and palpable injury based on his receipt of voice mail messages which are classified as abusive and misleading under the FDCPA.

Defendant has not offered any persuasive objections to the Magistrate Judge's R&R. Plaintiff is therefore entitled to summary judgment on Counts I, II, and III of his Complaint.

Plaintiff raises two objections to the R&R. First, Plaintiff objects to the entry of judgment in favor of Defendant on its claim for violation of the Telephone Consumer Protection Act (TCPA). The only evidence Plaintiff relies on is a June 15, 2011 telephone call (Dkt. 85 at 3). Plaintiffs' complaint, which was filed on September 8, 2010, obviously did not assert any claims related to a call which occurred some nine months later. Plaintiff did not request leave to file a supplemental complaint under Rule 15(d) and therefore cannot rely on the June 15, 2011 telephone call to support its TCPA claim.

Second, Plaintiff objects to the conclusion that the record lacks sufficient evidence to support a claim of actual damages. Plaintiff testified that he had "a lot of anxiety" and had to take "some extra Ativan that day," which is a drug used to relieve anxiety. (Dkt. 38-6 at 18-20, Woods Dep. at 53-55). Plaintiff further testified that he feared the calls related to a medical problem. Defendant's failure to identify the source and reason for the calls could be said to have caused Plaintiff's anxiety. Therefore, a reasonable jury could award actual damages for emotional distress. However, it bears mentioning that "although a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a . . . violation, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a

... violation occurred supports an award for compensatory damages." *Akouri v. State of Florida Dept. of Transp.*, 408 F.3d 1338, 1345 (11th Cir. 2005) (quotation omitted).[1] If Plaintiff fails to proffer more evidence than he has submitted on summary judgment, he may only be entitled to a nominal award. *See id.* (holding district court properly awarded nominal damages after entering judgment notwithstanding the verdict as to the jury's award of damages for emotional distress).

## Conclusion

Accordingly, the parties' objections are overruled, with the exception of Plaintiff's objection to summary judgment on his claim for actual damages. The R&R (Dkt. 82) is adopted, approved, and confirmed in all respects and made part of this order for all purposes, including appellate review, except for the recommendation that summary judgment be granted in favor of Defendant on Plaintiff's claim for actual damages.

(1) Plaintiff's motion for partial summary judgment (Dkt. 34) is GRANTED as to Counts I, II, and III of the Complaint.

(2) Defendant's motion for summary judgment (Dkt. 37) is GRANTED as to Count V of the Complaint.

(3) Defendant's motion for summary judgment is DENIED as to Count IV and Plaintiff's claim for actual damages.

(4) The motions are denied in all other respects.

**DONE AND ORDERED** this 23rd day of March, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copes to: Counsel of record

---

[1] Although *Akouri* addressed emotional distress damages in the context of a Constitutional violation, the principles articulated by the Eleventh Circuit are equally applicable in assessing the evidence that a Plaintiff must marshal to establish such damages in a case under the FDCPA.