UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOOD, JR.,

    Plaintiff,

                                                            CASE NO. 8:10-cv-01979-JDW-TBM

vs.

GC SERVICES, LP,

    Defendant.

_____/

**PLAINTIFF'S MOTION IN LIMINE TO BAR REFERENCE TO ATTORNEYS' FEES**

    Plaintiff, James Wood, Jr. ("Plaintiff"), by and through his attorneys, Weisberg & Meyers, LLC., hereby submits his Motion in Limine to Bar Reference to Attorneys' Fees. In support thereof, Plaintiff states as follows:

    1.    This cause was filed in part pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), which includes a one-way fee shifting provision inuring benefit to a prevailing consumer-debtor. *See* 15. U.S.C 1692k.

    2.    Any and all questions or references to Plaintiff's attorneys' fees are irrelevant to Plaintiff's underlying claims.

    3.    The probative value of providing information pertaining to Plaintiff's attorneys' fees to a jury is substantially outweighed by its prejudicial effect.

    4.    The Ninth Circuit, in *Books v. Cook*, explained that the dissemination of information to the jury particular to a plaintiff's attorneys' fees in connection with a fee-shifting provision constitutes prejudice warranting a new trial. *Books v. Cook*, 938 F. 2d 1048 (9th Cir. 1991). In particular, the court in *Books v. Cook* noted the importance of relevant policy considerations underlying fee-shifting provisions, and the according effect that information

1

regarding the same would have upon a jury. *Id*. at 1051.  The Ninth Circuit explicitly discussed with reference to an almost identical fee-shifting provision included in the Civil Rights Act:

> **We have found no cases that discuss whether a jury may be informed of the possibility of an award of attorneys' fees. Nevertheless, we believe that the judge abused his discretion by providing the jury with this information**. Both the structure and purpose of § 1988 as well as a review of analogous circumstances convince us that an error was committed.
>
> **The award of attorneys' fees is a matter of law for the judge, not the jury**. Section 1988 states, in pertinent part, that "*the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs*." 42 U.S.C. § 1988 (1988) (emphasis added). *See also Hensley v. Eckerhart,* 461 U.S. 424, 433-37, 103 S.Ct. 1933, 1939-41, 76 L.Ed. 2d 40 (1983) (explaining the factors that *district courts* should take into account in determining reasonable fees). The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. **By informing the jury of the plaintiff's right to seek attorneys' fees under § 1988, the court invited the jury to factor in a subsequent step- the court's calculation of the ultimate judgment- that had no relevance to the jury's determination of liability and damages**.
>
> \*     \*     \*
>
> In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. **Even more troubling, however, is the case where actual damages are small or nonexistent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees**.

*Id*. at 1051 (emphasis added).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order barring questions about, or references to, Plaintiff's attorneys' fees in this cause.

        Respectfully submitted,
        **JAMES WOOD, JR.**


        By: s/ Alex Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Road, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Carlos A. Ortiz
*Pro Hac Vice*
Hinshaw & Culbertson, LLP
Suite 300
222 N LaSalle St
Chicago, IL 60601-1081
cortiz@hinshawlaw.com

Robert E. Sickles
Hinshaw & Culbertson, LLP
100 S Ashley Dr., Suite 500
Tampa, FL 33602
rsickles@hinshawlaw.com


        s/Alex Weisberg
        Alex Weisberg

3